IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| GARY W. BATEMAN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) CIVIL NO. 06-963-WDS |
| | ) |
| WARDEN BLEDSOE, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

**STIEHL, District Judge:**

Plaintiff, an inmate in the Federal Prison Camp in Marion, Illinois, brings this action pursuant to 18 U.S.C. § 3624(c) to compel the Bureau of Prisons to place him in a Community Corrections Center ("CCC") for the last 30 days of his sentence. This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening.**– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal.**– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
> > (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
> > (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A. An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Upon careful review of the complaint and any supporting exhibits, the Court finds it appropriate to exercise its authority under § 1915A; this action is legally frivolous and thus subject to summary dismissal.

In *Prows v. Federal Bureau of Prisons*, 981 F.2d 466 (10th Cir. 1992), *cert. denied*,

510 U.S. 830, 114 S.Ct. 98, 126 L.Ed.2d 65 (1993), the Court of Appeals for the Tenth Circuit reasoned and concluded that

> [w]hile there is mandatory (albeit qualified) language employed in the statute, it relates only to the general direction to facilitate the prisoner's post-release adjustment through establishment of some unspecified pre-release conditions. Nothing in § 3624(c) indicates any intention to encroach upon the Bureau's authority to decide where the prisoner may be confined during the pre-release period.

*Id.* at 469 (*citing United States v. Laughlin*, 933 F.2d 786, 789 (9th Cir. 1991)). Each district court which has addressed the issue has reached the same conclusion. *Lizarraga-Lopez v. U.S.*, 89 F.Supp.2d 1166 (S.D.Cal. 2000) (holding that no relief is available pursuant to § 2255 based on alleged violation of § 3624(c) because it does not guarantee placement into community confinement for any federal prisoner and noting that Bureau of Prisons has been granted vast discretion to determine appropriate conditions under which prisoner shall serve his or her sentence); *U.S. v. Morales-Morales*, 985 F.Supp. 229, 231 (D.Puerto Rico 1997) (§ 3624(c) does not confer upon prisoners the right to seek a particular form or place of pre-release custody); *U.S. v. Mizerka*, 1992 WL 176162 (D.Or. July 16, 1992) (no habeas corpus relief based on an alleged violation of § 3624(c) because that section does not require the Bureau of Prisons to provide for confinement in a community corrections center prior to the end of the term of imprisonment); *Flisk v. U.S. Bureau of Prisons*, 1992 WL 80523 (N.D.Ill. April 10, 1992) (no relief available pursuant to § 2255 based on alleged violation of § 3624(c) because that section is not mandatory); *Lyle v. Sivley*, 805 F.Supp. 755 (D.Ariz. 1992) (habeas corpus relief denied because, inter alia, § 3624(c) does not create a protected liberty interest).

*Fagiolo v. Smith*, 326 F.Supp.2d 589, 592-93 (M.D. Pa. 2004), quoting *Gambino v. Gerlinski*, 96 F.Supp.2d 456, 459-60 (M.D. Pa. 2000), *aff'd*, 216 F.3d 1075 (3d Cir. 2000)(unpublished table opinion).

Because 18 U.S.C. § 3624(c) does not mandate placement in a CCC or home confinement, but rather expresses non-binding guidelines, Plaintiff is not entitled to CCC placement or home confinement. Accordingly, this action is **DISMISSED** with prejudice.

    **IT IS SO ORDERED.**

    **DATED: April 12, 2007.**

                                       *s/ WILLIAM D. STIEHL*
                                          **DISTRICT JUDGE**